IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK MCCLOUD and LETTINA MCCLOUD | § § § | |
| VS. | § § | C.A. NO. 4:22-cv-1694 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2006-5, ASSET-BACKED CERTIFICATES 2006-5, SELECT PORTFOLIO SERVICING, INC., and MCCARTHY & HOLTHUS, LLP | § § § § § § § § § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Deutsche Bank National Trust Company, As Trustee, In Trust for Registered Holders Of Long Beach Mortgage Loan Trust 2006-5, Asset-Backed Certificates 2006-5 ("**Trustee**") and Select Portfolio Servicing, Inc. ("**SPS**") (both are collectively "**Defendants**"), through undersigned counsel, hereby remove this case from the 165th Judicial District Court of Harris County Texas, to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the allegations of the Complaint and the damages contained therein and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.     INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.     On May 17, 2022, Plaintiffs Kirk and Lettina McCloud ("**Plaintiffs**") commenced this action by filing a Petition, Cause No. 2022-29461, in the 165th Judicial District Court of Harris County Texas (the "**State Court Action**"). *See* Exhibit "C-1". Plaintiffs obtained an *ex*

*parte* temporary restraining order on May 18, 2022 after filing the Petition. *See* Exhibit "C-3 Defendants' filed an Answer in State Court on May 23, 2022. See Exhibit "C-4".

2. Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Defendants' first receipt of the initial state court pleading.

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiffs and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."[1] Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for Diversity of Citizenship jurisdiction as well as Federal Question Jurisdiction.

---

[1] 28 U.S.C. § 1332(a)(1).

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. Plaintiffs are citizens of the State of Texas as they resided in and are domiciled in the state of Texas.[2]

6. Defendant SPS is not a citizen of Texas for Diversity Purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[3] SPS is a Utah corporation with its principal place of business in Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

7. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[4]

8. Deutsche Bank National Trust Company is the trustee of the subject traditional trust is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[5]

9. McCarthy & Holthus, LLP (the "**Foreclosure Firm**") is the foreclosure firm that participated in the foreclosure sale made the basis of Plaintiffs' claims as counsel for Trustee.

---

[2] See Plaintiff's Original Petition (the "**Complaint**") at ¶¶ 6-7.
[3] 28 U.S.C. §1332(c)(1).
[4] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[5] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

3

Upon information and belief the Foreclosure Firm is a citizen of Texas for Diversity Jurisdiction purposes.

10. Diversity cases are only removable when "[none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which [the] action is brought."[6] While complete diversity is required for diversity jurisdiction, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[7] Removal is proper if there is a "diversity of citizenship among the parties in interest properly joined. 'Parties in interest' do not include formal or unnecessary parties, thus a plaintiff's joinder of such parties…cannot prevent the removal of an action to federal court."[8] "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."[9] Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[10]

11. In the second situation, which is applicable to this case, a finding of fraudulent or improper joinder is appropriate when there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant.[11] In deciding whether a defendant has been improperly joined, the Court should look to the

---

[6] 28 U.S.C. § 1441(b) (2006) (emphasis added); *see Cantor v. Wachovia Mortg. Corp.,* 641 F. Supp.2d 602, 606 (N.D. Tex. 2009).
[7] *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[8] *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536-37 (N.D. Tex. 1986) (citing *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir.1961).
[9] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).
[10] *Smallwood,* 385 F.3d at 573.
[11] *Id*.

allegations in the plaintiff's live pleading at the time of removal, and conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff states a claim against the non-diverse defendant.[12] A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[13]

12. Although the Foreclosure Firm is believed to be a citizen of Texas, its citizenship should be disregarded for purposes of determining diversity jurisdiction because, at most, it was improperly joined as defendant to this lawsuit.[14] From the face of the Complaint, no legally viable claims have been specifically asserted against the Foreclosure Firm and it is evident that Plaintiffs have no possibility of establishing a cause of action against the Foreclosure Firm under Texas law.[15]

13. The Foreclosure Firm was acting solely as counsel for Defendants at all times material to the foreclosure sale made the basis of Plaintiffs' claims and is protected from liability based on attorney immunity.[16]

14. Plaintiffs also fail to allege a reasonable basis for the Foreclosure Firm's liability under any cause of action. The pleading requirements of Rule 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to survive 12(b)(6) analysis but even that type of allegation does not appear in Plaintiff's Complaint.[17]

---

[12] *Id.*
[13] *Id.* at 573 n. 9.
[14] *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).
[15] Id. At 376 (holding that standard of establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").
[16] See *Thomas v. Wells Fargo Bank, N.A.*, No. 3:13-CV-0127-G, 2013 WL 4050127 at *2 (N. D. Tex. Apr. 9, 2013) citing *Martinez v. Wells Fargo Bank, N.A.*, No. SA-12-CV-789-VR, 2013 WL 1562759, at *10 (W.D. Tex. Apr. 12, 2013) (finding foreclosure counsel improperly joined where plaintiff's only specific allegation against the firm was conclusory and plaintiff failed to allege facts suggesting the firm would not be immune from liability).
[17] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

999999.190/4338006.1

15. Since there is no legally viable claim alleged against the Foreclosure Firm, the Foreclosure Firm's attempted inclusion in this case does not prevent removal of this action based on diversity jurisdiction.

16. Because Plaintiffs are citizens of Texas and Defendants, other than the Foreclosure Firm are citizens of states other than Texas, there is complete diversity of citizenship among the parties.[18] Accordingly, complete diversity exists among the parties to this controversy, other than the

### B. Amount in Controversy.

17. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[19] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[20]

18. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[21] If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[22] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[23]

---

[18] *See* 28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. at 89; *Lewis*, 519 U.S. at 67-68.
[19] *See* 28 U.S.C.A. § 1441(a).
[20] *See* 28 U.S.C.A. § 1332(a).
[21] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[22] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[23] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

19. In this instance, Plaintiff's Complaint makes it apparent that Plaintiffs' claimed damages exceed $75,000.00 given that Plaintiffs seek to stop Trustee from obtaining possession of property located at 25126 Pepper Ridge Lane, Spring, Texas 77373 (the "**Property**") after a completed foreclosure sale and court judgment authorizing eviction.[24]

20. The value of the Property exceeds $75,000.00. The value of the Property according to the Harris County Appraisal District is no less than $225,422 for the tax year of 2022. See Exhibit D.

21. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[25] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[26] Plaintiffs seek relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to obtain possession of the Property[27].

22. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[28] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[29] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[30] The value of the subject property in this instance for

---

[24] See Complaint at P.3 under "Facts"
[25] *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)).
[26] *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (U.S. 1977).
[27] See Complaint at ¶¶ 35-40 and Complaint generally.
[28] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).
[29] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[30] *See Berry v. Chase Home Fin., LLC*, No. CIV.A. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

7

diversity purposes is no less than $225,422 for the tax year of 2022. The value of the Property in this instance satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

## CONSENT TO REMOVAL

23. Consent to the removal is not required from nominal parties or improperly joined parties such as the Foreclosure Firm therefore, their consent to removal is not required.[31] Additionally, no known service has been accomplished as to the Foreclosure Firm, therefore the consent of the non-removing defendants is not required for this additional reason.[32]

## V. FEDERAL QUESTION JURISDICTION

24. Removal is also proper because Plaintiffs' suit involves a federal question.[33] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[34] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[35]

25. Among other claims, Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("**FDCPA**") against Defendants as codified at 15 U.S.C.A. §1692.[36] The assertion of an FDCPA claim confers Federal Question jurisdiction in this context.[37]

---

[31] F*arias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 112 S.Ct. 193 (1991) (unanimity requirement for removal does not apply to nominal parties or parties that have been improperly joined).
[32] See *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992; 28 U.S.C. § 1446(b)(2)(A).
[33] 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[34] See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).
[35] *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Circ. 1988).
[36] See Complaint at ¶¶ 29-30.
[37] See *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 185 (5th Cir. 2021).

26. Since Plaintiffs' claims arise under the laws of the United States of America, the United States District Court has original jurisdiction and removal is appropriate.

27. This Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy.[38] As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[39] Accordingly, this Court also has jurisdiction based on Federal Question jurisdiction.

## VI. JURY DEMAND

28. Plaintiffs made a jury demand in the State Court Action.

## VII. CONCLUSION

29. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael F. Hord, Jr.
Michael F. Hord, Jr.
Texas Bar No. 00784294
Fed. I.D. No. 16035
Eric C. Mettenbrink
Texas Bar No. 24043819
Fed. I.D. No. 569887
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002-2772
(713) 220-9182 Telephone
(713) 223-9319 Facsimile
Email: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

---

[38] See 28 U.S.C. § 1367(a).
[39] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

**CERTIFICATE OF SERVICE**

On this May 24, 2022, I hereby certify that a true and correct copy of the foregoing Notice of Removal was forwarded as follows:

Benjamin K. Sanchez
Sanchez Law Firm
150 W. Parker Rd., Ste. 201
Houston, TX 77076
713-780-7745 (tel)
service@sanchezlawfirm.com
**Via ECF and Email**

/s/ Michael F. Hord, Jr.
Michael F. Hord Jr.