United States District Court
Southern District of Texas
**ENTERED**
August 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIRK MCCLOUD AND LETTINA MCCLOUD, § § Plaintiffs, § § VS. § § DEUTSCHE BANK NATIONAL TRUST § COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:22-CV-1694 |

## ORDER REMANDING CASE

This is a wrongful foreclosure case that was removed to this Court from the 165th Judicial District Court of Harris County, Texas.[1] The plaintiffs are Kirk and Lettina McCloud ("the McClouds"), and they have pled causes of action for wrongful foreclosure, breach of contract, common law fraud, violations of the federal Fair Debt Collection Practices Act, violations of the Texas Debt Collection Act, and violations of the Texas Deceptive Trade Practices Act. (Dkt. 1-4 at pp. 7–10). The defendants (collectively, "the Bank") are Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-5, Asset Backed Certificates 2006-5 ("Deutsche Bank"); Select Portfolio Servicing, Inc. ("SPS"), which is Deutsche Bank's mortgage servicer; and McCarthy & Holthus, LLP ("M&H"), which is a law firm that pursued non-judicial foreclosure and a Texas state-court forcible detainer action on behalf

---

[1] The state-court cause number is 2022-29461.

of the other two defendants.

The Bank foreclosed on the McClouds' home and bought the home at the foreclosure sale. (Dkt. 1-4 at pp. 3–6). The McClouds concede, both in their live pleading and in other briefing, that before the McClouds filed this lawsuit the Bank obtained a forcible detainer judgment in Texas state court, which the McClouds did not appeal. (Dkt. 1-4 at pp. 6, 8; Dkt. 13 at p. 4). Accordingly, the Court raised, and requested supplemental briefing on, the question of whether the *Rooker-Feldman* doctrine bars the Court from exercising subject matter jurisdiction. (Dkt. 11). The Court has reviewed the parties' supplemental briefing and the balance of the record in the case and has concluded that the *Rooker-Feldman* doctrine applies and that remand to Texas state court is appropriate.

The *Rooker-Feldman* doctrine bars a federal district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). The doctrine is usually raised in federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. However, the doctrine can also bar adjudication by a federal district court of a case that, like this one, was removed to federal court rather than filed there in the first instance. *Morris v. Wells Fargo Bank*, 677 Fed. App'x 955, 957–58 (5th Cir. 2017).

"Reduced to its essence, the *Rooker–Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters*

*Bank National Association v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quotation marks omitted). The doctrine typically applies when a plaintiff explicitly attacks the validity of a state court's judgment, but "it can also apply if the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Illinois Central Railroad Co. v. Guy*, 682 F.3d 381, 390–91 (5th Cir. 2012) (quotation marks omitted). Claims are "inextricably intertwined" with a state-court judgment when reversal of the state-court judgment would be a necessary part of the relief requested. *Morris*, 677 Fed. App'x at 957–58.

The applicability of the *Rooker-Feldman* doctrine is a matter implicating a federal district court's subject matter jurisdiction. *Id*. "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citation omitted).

Here, the McClouds' pleading attacks what it characterizes as "a wrongful eviction judgment." (Dkt. 1-4 at p. 8). The forcible detainer judgment is a final judgment of a Texas state court that allows the Bank to claim entitlement to possession of the McClouds' home, and reversal of that judgment is a necessary part of the relief sought by the McClouds' pleading. Accordingly, the Court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and will remand this case to Texas state court. *Morris*, 677 Fed. App'x at 957–58; *see also Salinas v. U.S. Bank National Association*, 585 Fed. App'x 866, 866–67 (5th Cir. 2014) ("The record supports that Salinas initiated the instant federal

proceedings to attack collaterally and to seek enjoinment of a preexisting state judgment in a forcible detainer suit and writ of possession rendered in favor of U.S. Bank National Association. Salinas's arguments implicate the validity of the state foreclosure judgment, and he seeks legal determinations that would allow him to retain, or reclaim, possession of his home. . . . [T]he district court lacked subject matter jurisdiction to review his claims under the *Rooker–Feldman* doctrine.").

For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over this case. The case is **REMANDED** to the 165th Judicial District Court of Harris County, Texas.[2] The Clerk is directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Harris County, Texas and the Clerk of the 165th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas on August 17, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The state-court cause number is 2022-29461.

4 / 3